UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AMBER VAN RHEEN,<br><br>     Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>     Defendant. | Case No. 14-cv-11124<br>Honorable Laurie J. Michelson<br>Magistrate Judge R. Steven Whalen |

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [24],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [15],
AND GRANTING DEFENDANT'S MOTION TO REMAND [22]**

Plaintiff Amber Van Rheen sought Social Security and Disability Insurance Benefits based on her history of scoliosis, spine fractures, depression, migraine headaches, and panic attacks. After two Administrative Law Judges found her not disabled and the Appeals Council denied review of the second decision, Van Rheen filed this suit. She filed a Motion for Summary Judgment, and the Commissioner responded by filing a Motion to Remand for further fact finding. Now before the Court are Magistrate Judge R. Steven Whalen's Report and Recommendation to remand the case for further administrative proceedings, Van Rheen's objections, and the Commissioner's response. The Court is not persuaded by Van Rheen's objections and will therefore ADOPT the Report and Recommendation and REMAND the case for further administrative proceedings.

**I. BACKGROUND**

Van Rheen applied for Social Security and Disability Insurance Benefits on December 3, 2009, alleging an onset date of September 1, 2007. (Tr. at 218–226.) Two Administrative Law

Judges ("ALJ") found Van Rheen not disabled: the first on July 28, 2011, (Tr. at 119) and the second on August 2, 2012, following a remand by the Appeals Council of the first ALJ's decision (Tr. at 28). After the Appeals Council denied review of the second decision, Plaintiff filed this suit on March 17, 2014. (Dkt. 1.)

The case was referred to Magistrate Judge R. Steven Whalen for all pretrial matters. (Dkt. 3.) Plaintiff filed a Motion for Summary Judgment, contending that she meets the criteria for Listing 12.05 (intellectual disability). (Dkt. 15, Pl.'s Mot.) She requested remand for an award of benefits or, in the alternative, remand for further fact-finding. (*Id.* at 12–13.) The Commissioner filed a Motion to Remand pursuant to sentence four of 42 U.S.C. § 405(g), arguing that the current administrative record does not establish the adaptive functioning requirement of Listing 12.05, and that further fact-finding is necessary to draw a conclusion on this issue. (Dkt. 22, Def.'s Mot. at 4.)

The Magistrate Judge concluded that the current record requires a remand for further administrative proceedings, but does not support a remand solely for an award of benefits. (Report at 14.) Specifically, the Magistrate Judge found that it was "unclear from the record whether [Van Rheen] meets all three of the *threshold* requirements for disability under Listing 12.05c." (Report at 16.) In her objections, Van Rheen departs from her request in her summary-judgment motion: she denies that a remand for further fact-finding is necessary and requests only a remand for an award of benefits. (Obj. at 7.)

## II. STANDARD OF REVIEW

This Court performs a de novo review of those portions of Magistrate Judge Whalen's Report and Recommendation to which Van Rheen has objected. 28 U.S.C. § 636(b). The Court need not and does not perform a de novo review of the report's unobjected-to findings. *Thomas*

*v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-cv-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Arn*, 474 U.S. at 149–52)).

### III. ANALYSIS

This Court has authority to review a final decision of the Secretary pursuant to the fourth and sixth sentences of 42 U.S.C. § 405(g). That section "authorizes two types of remand: (1) a post-judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (a sentence-six remand)." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 173–74 (6th Cir. 1994). As to sentence four, the Sixth Circuit has distinguished between a remand for further fact-finding and a remand solely for an award of benefits:

> [W]hen an ALJ's factual findings are not supported by substantial evidence, 'the appropriate remedy is not to award benefits.' The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration. Only when 'all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits' should a court reverse an ALJ's decision and immediately award benefits.

*Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994) (citations omitted).

The Report focuses on the ALJ's step-three findings regarding Listing 12.05, subparagraph (C). *See* 20 C.F.R. 404, Subpart P, App. 1 § 12.05(C). To meet her burden to show that her impairments meet Listing 12.05, *see Foster v. Halter*, 279 F.2d 348, 355 (6th Cir. 2001), Van Rheen had to first "demonstrate three factors to satisfy the diagnostic description: (1) subaverage intellectual functioning; (2) onset before age twenty-two; and (3) adaptive-skills limitations." *Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x 672, 675 (6th Cir. 2009). "The adaptive skills prong evaluates a claimant's effectiveness in areas such as social skills,

communication skills, and daily-living skills." *Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x 672, 677 (6th Cir. 2009) (citing *Heller v. Doe*, 509 U.S. 312, 329 (1993)). A claimant can show adaptive skills limitations by showing "[c]oncurrent deficits or impairments . . . in at least two of the following areas: communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." *Id.* (citation omitted).

In addition to the three "threshold" factors, Van Rheen "also must satisfy 'any one of the four sets of criteria' in Listing § 12.05. 20 C.F.R. Pt. 404, Subpt. P, App. 1." *Id.* Van Rheen argued that she met the criteria in paragraph C: "A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. 404, Subpart P, App. 1 § 12.05(C).

The ALJ found that the "'paragraph C' criteria of listing 12.05 [were] not met because the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." (Tr. at 17.) But he had previously found that Van Rheen's dysthymic disorder and anxiety constituted "severe impairments." (Tr. at 15 (citing 20 C.F.R. 404.1520(c); 416.920(c)).) He did not make explicit findings as to the listing 12.05 threshold requirements (nor did the first ALJ, whose opinion was incorporated by reference.) (*See id.* at 111–12.)

The Magistrate Judge found that the ALJ's conclusion as to paragraph C was belied by the record, which reveals that "January, 1996 IQ testing showed a verbal IQ of 66." (Report at 16 (citing Tr. at 322).) The Magistrate Judge also concluded that the findings regarding dysthymic disorder and anxiety "at a minimum, suggest that they would also create [an] 'additional and significant work-related limitation' independent of borderline intellectual functioning." (*Id.*) Van

4

Rheen agrees with these conclusions, but takes issue with the Magistrate Judge's subsequent finding that "even assuming that Plaintiff meets the paragraph C criteria, it [is] unclear from the record whether she meets all three of the *threshold* requirements for disability under Listing 12.05," specifically, the adaptive-skills limitations prong. (*Id.* at 16–17.)

Van Rheen asserts that the ALJ implicitly found that all "threshold" requirements for listing 12.05 were met—so her IQ test result of 66, combined with her dysthymic disorder and anxiety, mandates the conclusion that she meets subparagraph C and, therefore, the listing as a whole. (Pl.'s Mot. at 8–9.) Although the second ALJ did not explicitly address the threshold requirements (*see* Tr. at 17–18), Van Rheen says that he must have considered them satisfied or he would not have engaged in a discussion of the Section 12.05(C) criteria. (Obj. at 2–3 ("the ONLY basis either ALJ cited for refusing to find disability under this listing was the supposed lack of a second severe impairment[.]").) And further, she says that the record supports a finding of adaptive limitation, despite the lack of explicit analysis by the ALJ. (*Id.* at 6.) The Court does not agree that it should address these issues in the first instance.

When engaging in substantial evidence review of an ALJ's findings, this Court may "look to portions of the record that the ALJ did not discuss or cite" but may not "try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 538 (6th Cir. 2014) (citing *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir.1989); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). These functions are reserved to the ALJ, and an ALJ opinion lacking in such analysis "deprives the federal court of its ability to act as an appellate tribunal and instead forces the court to become the finder of fact," which will often require remand to the ALJ to further develop his

findings. *See M.G. v. Comm'r of Soc. Sec.*, 861 F. Supp. 2d 846, 858 (E.D. Mich. 2012) (collecting cases).

Other courts within this district have previously considered ALJ determinations that addressed the "paragraph C" criteria without first making a finding on listing 12.05's threshold requirements. In *Hornbuckle v. Commissioner of Social Security*, No. 13-12785, 2014 U.S. Dist. LEXIS 102633, at *25 (E.D. Mich. June 17, 2014), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 101584 (E.D. Mich. July 25, 2014), the ALJ found that Hornbuckle did not meet listing 12.05 solely because she had not demonstrated that she met the "paragraph C" criteria, without making explicit findings as to the threshold factors. The court commented that it was "unclear whether the ALJ implicitly found that Hornbuckle met the requirements of the introductory paragraph (indeed, why else would there be a need to proceed to subsequent stages of the analysis?) or whether she believed that Hornbuckle had no significant deficits in adaptive functioning[.]" *Id.* Despite argument by the Commissioner that the record showed a lack of deficits in adaptive functioning, the court concluded that it was "simply not for this Court to conduct such an analysis in the first place." *Id.* at *27. Rather, the appropriate course was to remand the case for further consideration of the threshold requirements of listing 12.05. *Id.*

In *Hutchinson v. Commissioner of Social Security*, No. 12-CV-11337, 2013 WL 4604561, at *14 (E.D. Mich. Aug. 29, 2013), although the ALJ made a finding on subparagraph C, the decision was "deficient because [the ALJ] fail[ed] to address the first requirement: whether plaintiff met the diagnostic description in the introductory paragraph of Listing 12.05." As in *Hornbuckle*, the parties submitted briefing on whether record evidence could establish that the threshold requirements were met. *Id.* Although the Commissioner's arguments were "not entirely unpersuasive," the court still declined to address the issue in the first instance:

6

"[b]ecause it is unclear whether the ALJ conducted the analysis required in the initial step, the case must be remanded for further consideration." *Id.*

Here, it is Van Rheen who is presenting arguments as to why listing 12.05's requirements are met despite the absence of explicit findings by the ALJ. But the rationale in *Hutchinson* and *Hornbuckle* still applies: the Court will not address the matter in the first instance on review. As the Commissioner noted in her Motion, it is possible that on remand, "the Commissioner *could* resolve [the] factual question [of adaptive functioning] in Plaintiff's favor, [but] it is not guaranteed" given the range of relevant evidence in the record. (Def.'s Mot. at 4.) So the proper course here is to remand the case to the ALJ for further review and explicit findings as to whether Van Rheen meets the threshold requirements for listing 12.05 and subparagraph C, as discussed above.

It follows from the foregoing that the Court does not find that "all essential factual issues have been resolved and the record adequately establishes [Van Rheen's] entitlement to benefits." *Newkirk*, 25 F.3d at 318. "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Kennedy v. Astrue*, 247 F. App'x 761, 768 (6th Cir. 2007). Here, Van Rheen cites her school record and a January 1996 psychological report as establishing her adaptive functioning deficits. (Obj. at 4–5.) The Commissioner cites findings regarding Plaintiff's daily activities, including her former jobs, money management, and interaction with her children. (Def.'s Resp. at 4.)

The Magistrate Judge found that the evidence cited by Van Rheen could only establish one adaptive deficiency (which would be insufficient to establish the third prong) and further, that the activities cited by Defendant would support "the conclusion that Plaintiff did not

7

experience deficiencies in adaptive functioning[.]" (Report at 17.) Van Rheen cites case law to show that such activities cannot undermine a valid IQ score (Obj. at 6 (citing *Dragon v. Commissioner of Social Security*, 470 F. App'x 454 (6th Cir. 2012)), but Van Rheen's IQ score (more relevant to prong one and the subparagraph C determination) is not at issue here. Rather, the issue is whether Van Rheen experiences deficits in adaptive functioning (prong three). And a claimant's daily activities are permissible considerations in evaluating whether he or she has deficits in adaptive functioning. *See, e.g.*, *W. v. Comm'r of Soc. Sec. Admin.*, 240 F. App'x 692, 698 (6th Cir. 2007) ("Adaptive functioning includes a claimant's effectiveness in areas such as social skills, communication, and daily living skills.").

As discussed above, it is for the ALJ to reconcile the conflicting evidence (on the one hand, Van Rheen's school reports and assessments and on the other, her daily activities) in making a finding regarding adaptive functioning. The evidence cited by Van Rheen is not so overwhelming as to demand a remand for an award of benefits.

## IV. CONCLUSION

For the reasons set for above, the Court OVERRULES Van Rheen's objections (Dkt. 25), ADOPTS the Report and Recommendation (Dkt. 24), GRANTS the Commissioner's Motion for Remand (Dkt. 22), DENIES Van Rheen's Motion for Summary Judgment (Dkt. 15), and REMANDS the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

                                                 s/Laurie J. Michelson
                                                 LAURIE J. MICHELSON
                                                 UNITED STATES DISTRICT JUDGE

Dated: March 24, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 24, 2015.

                                       s/Jane Johnson
                                       Case Manager to
                                       Honorable Laurie J. Michelson