UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER VAN RHEEN,

        Plaintiff,                            Civil Action No. 14-11124

            v.                        District Judge Laurie J. Michelson
                                     Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff Amerber Van Rheen ("Plaintiff") brought this action under 42 U.S.C. §405(g), challenging a final decision of Defendant Commissioner denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act.  Plaintiff  filed a Motion for Summary Judgment [Doc. #15], requesting an award of benefits or in the alternative, a remand for further fact-finding. Defendant did not file a motion for summary judgment, but instead, filed a motion to remand to the administrative level for further fact-finding. [Doc. #22].

Adopting my Report and Recommendation [Doc. #24], the Court granted the Commissioner's motion to remand and denied the Plaintiff's motion for summary judgment [Doc. #27].

Before the Court at this time is Plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) [Doc. #29], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED IN PART, awarding $2,663.25 in attorney fees.

## I.   BACKGROUND

In her original motion for summary judgment, Plaintiff requested an award of benefits or in the alternative, a Sentence Four remand for further proceedings. The Commissioner responded with a motion to remand for further proceedings. Rather than stipulating to that relief, however, the Plaintiff opposed the Commissioner's motion to remand and moved forward with her motion for summary judgment, seeking an award for benefits. The Court denied that relief, and granted the Commissioner's motion to remand. Plaintiff now seeks EAJA fees at a rate of $172.50 per hour for attorney time and $75 per hour for paralegal time, for all hours expended, including the time spent in unsuccessfully seeking an award of benefits after the Commissioner agreed to a Sentence Four remand.  The Commissioner challenges both the requested hourly rate and the total number of hours claimed.

## II.   STANDARD OF REVIEW

The Equal Access to Justice Act ("EAJA") is one of some 131 fee shifting statutes enacted by Congress. *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986). Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

-2-

"Except as otherwise specifically provided by statute, a court shall award to a
prevailing party other than the United States fees and other expenses...incurred
by that party in any civil action (other than cases sounding in tort), including
proceedings for judicial review of agency action, brought by or against the
United States...unless the court finds the position of the United States was
substantially justified or that special circumstances make an award unjust."

The question of whether the position of the United States was "substantially justified"

is answered with respect to not only the civil action, but the administrative decision upon

which the civil action is based:

"(D) 'position of the United States' means, in addition to the position taken by
the United States in the civil action, the action or failure to act by the agency
upon which the civil action is based...." 28 U.S.C. § 2412(d)(2)(D).

### III.    DISCUSSION

#### A.    Entitlement to EAJA Fees

The Commissioner agrees that Plaintiff is a prevailing party by virtue of the Court's

remand.

#### B.    Amount of Fees

Attorney's fees claimed under the EAJA must be reasonable.  *Glass v. Secretary of

HHS*, 822 F.2d 19, 21 (6th Cir. 1987).  As the Supreme Court noted in *Hensley v. Eckerhart*,

461 U.S. 424, 433 (1983), "[t]he most useful starting point for determining the amount of a

reasonable fee is the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate."  In *Glass*, 822 F.2d at 21, the Sixth Circuit, citing *Coulter v. State

of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method

of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors

relevant to determining a reasonable attorney's fee."

### 1. Hourly Rate

Plaintiff's counsel argues that he is entitled to an increase in the hourly rate from the statutory rate of $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). In *Bryant v. Commissioner of Soc. Sec.* 578 F.3d 443, 450 (6th Cir. 2009) the Sixth Circuit held that it is the plaintiffs' burden to justify a rate above the statutory maximum and that they must produce evidence beyond the attorney's own affidavit:

> "In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. *See Blum v. Stenson,* 465 U.S. 886, 898, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant"). Plaintiffs must 'produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' *Id.* at 895 n. 11, 104 S.Ct. 1541."

Plaintiff's counsel requests a rate of $172.50 per hour for attorney time and $75.00 per hour for paralegal time. In support, he cites the Consumer Price Index, *see Motion*, p. 4, fn. 2, and statistics from the State Bar of Michigan's 2014 Desktop Reference on Economics of Law Practice, showing average billing rates for Michigan attorneys based on five different metrics. The Commissioner argues that because the Desktop Reference does not contain statistics specific to the hourly rates for attorneys who handle Social Security appeals in federal court, "it is unclear if this Court should find that this data constitutes the type of 'satisfactory evidence' needed to justify an enhanced hourly rate above $125.00."

*Commissioner's Response* [Doc. #30], p. 6.

*Bryant* instructs that an attorney seeking EAJA fees must show that the requested rate is in line with those prevailing in the community for *similar* services, not identical services. Plaintiff's counsel has submitted statistics for analogous work, such as administrative law (median rate of $250.00) and appellate law (median rate of $275.00). He has also factored in average rates based on years in practice, size of law firm, and location by county. *See Pizzo v. Commissioner of Social Sec.* 2014 WL 7157129, *5 (E.D. Mich. December 15, 2014)(affidavit, CPI, and Economics of Law Survey, considered in tandem, support request for $187.02 per hour)[1]; *see also Cowart v. Commissioner of Soc. Sec.*, 795 Fed.Supp.2d 667, 671 (E.D. Mich. 2011)("Given the effect of inflation since 1996 . . . $173.00 per hour is a reasonable rate for work performed from November, 2008 to June, 2010").

I therefore find that the requested rate of $172.50 per hour for attorney time is reasonable.[2]

## 2.   Number of Hours

The question here is whether Plaintiff should be compensated for attorney time

---

[1] In this case, Plaintiff's counsel did not submit an affidavit. However, neither the statute nor *Cowart* requires an affidavit. In *Cowart*, the attorney relied solely on the CPI, and the Court held that was not sufficient. Where a prevailing plaintiff submits CPI information along with other evidence showing prevailing rates for similar work, the Court has sufficient information on which to exercise its discretion. I also note that Mr. Galea has handled numerous Social Security cases in this Court.

[2] The Commissioner does not challenge the $75.00 per hour rate for paralegal time or the number of hours the paralegal expended. *Response*, p. 4, fn. 3.

expended after the Commissioner filed a motion to remand, conceding to the alternative relief that she requested. She should not.

At the point that the Commissioner agreed to the alternative relief of a Sentence Four remand, the Plaintiff's objection to that remand, her summary judgment motion, and her objection to the Report and Recommendation were directed solely at obtaining an award of benefits. She was unsuccessful in that endeavor, and in fact, the Court denied her motion for summary judgment.  In that sense, she was not a "prevailing party" with regard to her quest for benefits, and an award of EAJA fees for that unsuccessful effort would not be reasonable.

*Mullins v. Astrue*, 2012 WL 298155 (S.D. Ohio 2012), is instructive.  There, as here, the Commissioner moved for a voluntary remand for further administrative proceedings, but rather than agreeing, the plaintiff opposed the motion and moved forward with his request for benefits. The Court held as follows:

> "While it is true that for purposes of the EAJA, Plaintiff is the 'prevailing party' by virtue of the fact that judgment was entered in favor of Plaintiff and against the Commissioner...the same cannot be said for Plaintiff's efforts in opposing the Commissioner's Motion for Voluntary Remand."

> "...Plaintiff's argument that the Commissioner's decision should be reversed and the matter remanded for the payment of benefits and not for further proceedings was rejected by the Magistrate Judge as well as by Judge Rose. Therefore, Plaintiff did not prevail in his opposition to the Commissioner's Motion for Voluntary Remand. Accordingly, this Court agrees with the Commissioner that Plaintiff should not be awarded fees for the time counsel spent opposing the Commissioner's Motion for Voluntary Remand." *Id*. at 3.

According to the time sheets attached to this motion, between December 19, 2014 and March 2, 2015, Plaintiff's counsel expended 7.75 hours opposing the Commissioner's motion

for voluntary remand and filing objections to my Report and Recommendation.  Plaintiff is

not entitled to compensation for those hours.

     Therefore, Plaintiff should be awarded EAJA fees as follows:

| | |
|---|---|
| 11.7 hours attorney time @ $172.50/hr: | $2,018.25 |
| 8.6 hours paralegal time @ $75/hr.: | $645.00 |
| TOTAL: | $2,663.25 |

## C.   Fees are Payable to Counsel

     As is typical in Social Security appeals, Plaintiff has executed an assignment of EAJA

fees to her attorney.  While EAJA fees would otherwise be paid to the Plaintiff, *see Astrue*

*v. Ratliff,* 560 U.S. 586 (2010), the assignment permits payment directly to the attorney, with

an offset for any preexisting federal debt owed by the Plaintiff.  *See Cowart, supra.*, 795

Fed.Supp.2d at 671-72.

## IV.   CONCLUSION

I therefore recommend that Plaintiff's motion for attorney fees [Doc. #29] be GRANTED

IN PART, and that Plaintiff be awarded $2,663.25 in attorney fees.

     I further recommend that no later than 14 days from the date of a final order granting

this motion, the Commissioner will determine whether the Plaintiff owes the Government a

pre-existing debt. If no such debt is owed, then payment of the EAJA fees will be made

directly to Plaintiff's attorney. If the Plaintiff does owe a pre-existing debt, the EAJA fees

will be offset by the amount of the debt, with any remainder to be paid to Plaintiff's attorney.

Any objections to this  Report and Recommendation must be filed  within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: April 21, 2016

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was sent to parties of record on April 21, 2016, electronically and/or by U.S. mail.


s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen