UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER VAN RHEEN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 14-cv-11124
Honorable Laurie J. Michelson
Magistrate Judge R. Steven Whalen

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [32] AND GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [29]**

Before the Court is Magistrate Judge R. Steven Whalen's Report and Recommendation. (Dkt. 32.) At the conclusion of his Report and Recommendation, Magistrate Judge Whalen notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (Report & Recommendation at 8.) No objections were filed.

In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal" and that "a party shall be informed by the magistrate [judge] that objections must be filed within ten days or further appeal is waived." In *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution. Thus, the Court finds that the parties' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. *See Thomas*, 474 U.S. at 149 (explaining that Sixth Circuit's waiver-of-appellate-review rule

rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level"); *Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)).

The Court therefore finds that the parties have waived further review of the Report and accepts the Magistrate Judge's recommended disposition. Accordingly, Van Rheen's Motion for Attorney's Fees (Dkt. 29) is GRANTED IN PART. Plaintiff shall be awarded $2,663.25 in attorney's fees.

IT IS FURTHER ORDERED that within 14 days of this order, the Commissioner will "determine whether the Plaintiff owes the Government a pre-existing debt. If no such debt is owed, then payment of the EAJA fees will be made directly to Plaintiff's attorney. If the Plaintiff does owe a pre-existing debt, the EAJA fees will be offset by the amount of the debt, with any remainder to be paid to Plaintiff's attorney." (Report & Recommendation at 7.)

SO ORDERED.

           s/Laurie J. Michelson
           LAURIE J. MICHELSON
           UNITED STATES DISTRICT JUDGE

Dated: June 2, 2016

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 2, 2016.

           s/Jane Johnson
           Case Manager to
           Honorable Laurie J. Michelson